IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF OHIO EASTERN
DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| Plaintiff, | ) | CASE NO: 5:16-CR-112 |
| | ) | |
| v. | ) | Judge Dan Aaron Polster |
| | ) | |
| **MICHAEL MACK,** | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM

Before the Court is Defendant Michael Mack's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) for Immediate Compassionate Release Due to COVID-19 Circumstances, **Doc #:194**. Mack was sentenced to 87 months custody of the Bureau of Prisons ("BOP") after he pleaded guilty to conspiracy to possess with intent to distribute and distribution of crystal methamphetamine. Docs ##: 86; 168. He is currently being held at Elkton Federal Correctional Institute ("Elkton"). He is 43 years old and says he suffers from diabetes, depression, asthma, respiratory illness, and high blood pressure. Docs ##: 102 at 3; 194 at 2. Citing these conditions and the outbreak of COVID-19 at Elkton, he asks the court to modify his sentence and place him on monitored release with home confinement. Doc #: 194 at 4-5.

A court may consider a motion for sentence modification upon:

> [M]otion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A).

1

Mack acknowledges that he has not satisfied the exhaustion requirements. Doc #: 194 at 11. He says that the process of exhausting his administrative remedies is difficult due to staffing issues. Doc #: 194 at 3. Yet, he claims that the Court still can review his Motion because the Court can waive the exhaustion requirements. Doc #: 194 at 12.

Mack primarily relies on *Washington v. Barr*, 925 F.3d 109 (2d Cir. 2019) for the proposition that courts may waive statutory exhaustion requirements. Doc #: 194 at 12. In addition to *Barr* not being binding precedent, it does not support Mack's proposition. *Barr* involved a judge-made exhaustion requirement to the Controlled Substances Act. *Id.* at 115. The court applied the judge-made exhaustion requirement because doing so was consistent with congressional intent. *Id.* at 116. The court then acknowledged that "even where exhaustion is seemingly mandated by statute or decisional law, the requirement is not absolute." *Id.* at 118. Accordingly, the court analyzed whether the exhaustion requirement should be waived. *Id.* at 118-119. Thus, *Barr* only stands for the proposition that judge-made exhaustion requirements may be waived even when those requirements are consistent with a statute.

The Court is similarly not persuaded by Mack's undeveloped arguments involving *Mathews v. Eldridge*, 424 U.S. 319 (1976) and *Bowen v. City of New York*, 476 U.S. 483 (1986). Both cases involve claims that were collateral to the denial of disability benefits by the Social Security Administration. *Mathews*, 424 U.S. at 331; *Bowen*, 476 U.S. at 483. As the claims were collateral, the Court found that the typical statutory exhaustion requirement could be waived. *Mathews*, 424 U.S. at 331-32; *Bowen*, 476 U.S. at 483. Here, Mack brings a claim alleging his entitlement to a sentence reduction, not a claim collateral to his request for a sentence reduction. Thus, *Mathews* and *Bowen* are inapplicable.

Instead, the controlling Supreme Court precedent clearly mandates that courts not waive statutory exhaustion requirements. *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016).

Moreover, on April 22, 2020, Judge Gwin ordered that certain persons, including those with moderate to severe asthma, who are incarcerated at Elkton be giving compassionate release, home release, parole, community supervision, or, if ineligible for any of those, be transferred to another BOP facility. *Wilson v. Williams*, Case No 4:20-cv-794, Dkt. 22 at 20 (N.D. Oh April 22, 2020). Thus, if Mack's medical condition qualifies him to relief under Judge Gwin's order, his COVID-19 concerns will soon be addressed.

Regardless, § 3582(c)(1)(A) provides mandatory exhaustion requirements. Mack has not satisfied, and Court does not have the authority to waive, these statutory exhaustion requirements. Thus, the Court cannot review Mack's Motion, **Doc #: 194**, and so the same is **DENIED**.

**IT IS SO ORDERED.**

> */s/ Dan Aaron Polster April 27, 2020*
> **Dan Aaron Polster**
> **United States District Judge**