**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| **Plaintiff,** | ) CASE NO: 5:16-CR-112 |
| | ) |
| **v.** | ) **Judge Dan Aaron Polster** |
| | ) |
| **MICHAEL J. MACK,** | ) **OPINION AND ORDER** |
| | ) |
| **Defendant.** | ) |
| | ) |

Before the Court is Defendant Michael J. Mack's Motion to Reduce Sentence, **Doc #: 209**. For the following reasons, Mack's Motion is **DENIED**.

## I.      Background

Mack pleaded guilty to conspiracy to possess with intent to distribute and distribution of crystal methamphetamine in violation of 21 U.S.C. § 846, and subsequently was sentenced to 87 months in the custody of the Bureau of Prisons. Doc #: 168. Mack is currently held at Federal Correctional Institute Elkton ("FCI Elkton") and has a release date of February 13, 2023.

Mack first filed for a reduce sentence on April 22, 2020. Doc #: 194. This Court denied Mack's motion because he failed to satisfy 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement. Doc #: 195. Mack subsequently satisfied the exhaustion requirement, Doc #: 209 at 6, and, on June 18, 2020, filed a second motion to reduce sentence. Doc #: 202. The Court then appointed a Federal Public Defender to the case, who filed the pending Motion to Reduce Sentence. Doc #: 209.

1

## II. Discussion

Under § 3582(c)(1)(A)(i), before granting a sentence modification, a court must find: (A) extraordinary and compelling reasons warrant a sentence modification; (B) the defendant is not a danger to the safety of any other person or the community, and (C) the reduction is appropriate considering the sentencing factors located at 18 U.S.C. § 3553(a). *United States v. Hardin*, Case No. 1:19 CR 240, 2020 U.S. Dist. LEXIS 90855, at *5 (N.D. Ohio Apr. 7, 2020).

### A. Extraordinary and Compelling Reasons

Extraordinary and compelling reasons for sentence modification exist under four categories set forth at U.S.S.G. § 1B1.13 Application Note 1. Here, the only relevant category is the fourth category, labeled "other reasons." *Id.* at 8. To determine whether other reasons warrant sentence modification, the Court considers whether: (1) the defendant is at high risk of having grave complications should he contract COVID-19, and (2) the prison where the defendant resides has a severe COVID-19 outbreak. *Id.*

Mack obviously presents extraordinary and compelling reasons for a sentence reduction, a point which the Government concedes. Doc #: 211 at 8. Among other conditions, Mack has type 2 diabetes mellitus. The Center for Disease Control and Prevention provides that people with type 2 diabetes mellitus are at an increased risk of severe illness from COVID-19.[1] And FCI Elkton has and is continuing to experience a severe COVID-19 outbreak. Presently 358 inmates and three staff members at FCI Elkton have tested positive for COVID-19, not counting the 623 inmates and 50 staff members who had COVID-19 and since recovered.[2]

---

[1] *People of Any Age with Underlying Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited 7/15/2020).
[2] *COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited 7/15/2020).

2

**B. Danger to Safety of Other Persons or Community**

For a Court to grant compassionate release, it must also find that the "defendant [is not] a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g)." *Hardin*, Case No. 1:19 CR 240, 2020 U.S. Dist. LEXIS 90855, at *5 (quoting United states Sentencing Commission, Guidelines Manual, § 1B1.13(2) (Nov. 20158)). Section 3142(g) calls for courts to consider: (1) the nature of the circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant;[3] and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g)(1)-(4).

The Court finds that Mack is a danger to the safety of other persons and the community. All four factors support this conclusion. First, controlled substance crimes inherently present a danger to the safety of other persons and the community, as demonstrated by § 3142(g)(1)'s explicit reference to such crimes. Mack's conviction for conspiracy to possess with the intent to distribute crystal methamphetamine, therefore, weights in favor of finding that he is a danger to the safety of other persons or the community. Second, the weight of the evidence against Mack is undeniable – it was such that Mack pleaded guilty. Third, Mack has a lengthy criminal history which, though mostly consisting of minor offenses, does include multiple drug offenses. Doc #: 129 at 10-16. Further, Mack has struggled with addiction since his late teenage years. Doc #: 179

---

[3] The history and characteristics of the defendant include "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings[,] and whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law" 18 U.S.C. § 3142(g)(3)(A)-(B).

at 7. Fourth, the nature of the danger posed, the possibility that Mack will continue drug offenses, is serious.

### C. Section 3553(a) Factors

Finally, the § 3553(a) do not favor release. A court already considers these factors when sentencing a defendant. Upon a motion for compassionate release, a court determines whether the changed circumstances cause the § 3553(a) factors to be weighed differently. Generally, the § 3553(a) factors favor release when a high-risk defendant being held in a prison experiencing a severe COVID-19 outbreak has less than a year of their sentence remaining. *Hardin*, Case No. 1:19 CR 240, 2020 U.S. Dist. LEXIS 90855, at 10. Here, Mack has more than a year of his sentence remaining. Thus, the § 3553(a) factors do not support granting compassionate release.

### III. Conclusion

For the above reasons, Mack's Motion, **Doc #: 209**, is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster July 16, 2020*
**Dan Aaron Polster**
**United States District Judge**