IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF OHIO EASTERN
DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | CASE NO: 5:16-CR-112 |
| | ) | |
| v. | ) | Judge Dan Aaron Polster |
| | ) | |
| MICHAEL MACK, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM**

Before the Court is Defendant Michael Mack's Motion for Reconsideration of his motion to reduce his sentence pursuant to 18 U.S.C § 3582(c)(1)(A), **Doc. ##: 215, 220**. For the following reasons, Mack's Motion is **GRANTED.**

On April 22, 2020, Mack requested for the first time that the Court reduce his sentence. Doc. #: 194. The Court denied Mack's motion because he failed to satisfy 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement. Doc. #: 195. Mack subsequently satisfied the exhaustion requirement and filed a second motion to reduce his sentence on June 18, 2020. Doc. #: 202. The Court appointed a Federal Public Defender for Mack regarding his second request for compassionate release. *Id*. On July 8, 2020, Mack, by and through counsel, filed a supplemental motion to reduce his sentence. Doc. #: 209. On July 16, 2020, the Court denied Mack's motion to reduce his sentence finding that he is a danger to the community and the § 3553(a) factors do not weigh in favor of his release because he had more than a year remaining on his sentence. Doc. #: 212 at 3-4. At that time, the Bureau of Prison's website reflected that Mack's release date was on February 13, 2023. *Id*. at 1.

1

Mack requested, and was granted, two extensions of 30 days to file a notice of appeal. Doc. ##: 213-214. On September 10, 2020, within his time to file an appeal, Mack filed a motion for reconsideration. Doc. #: 215. Due to a clerical error, the Court denied as untimely Mack's motion for reconsideration. Non-Document September 11, 2020 Order. Mack appealed the Court's Non-Document September 11, 2020 Order, and the Sixth Circuit vacated and remanded the Order. *See* Doc. ##: 216, 221-222. On December 30, 2020, at the permission of the Court, Mack filed a supplemental motion for reconsideration. Doc. ##: 218, 220. On January 22, 2021 the Government filed an opposition brief to Mack's Motion. Doc. #: 223. Mack filed a reply on January 27, 2021. Doc. #: 226.

## DISCUSSION

Three situations justify reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice." *Hamilton v. Gansheimer*, 536 F. Supp. 2d 825, 842 (N.D. Ohio 2008); *see United States v. Miller*, 697 F. App'x 842, 843 n.1 (6th Cir. 2017). Courts should not reconsider prior decisions where the motion for reconsideration proffers new arguments that could have been discovered and offered during the initial consideration of the issue. *Hamilton*, 536 F. Supp. 2d at 842.

Here, Mack timely seeks reconsideration of the Court's July 16, 2020 Order ("Order") denying his motion to reduce his sentence. *See United States v. Correa-Gomez*, 328 F.3d 297 (6th Cir. 2003). Mack requests that the Court reconsider its Order because Mack's risk of recidivism is low; he has only one prior drug felony; and his release date – of March 26, 2022 – was updated, since the restart of the Residential Drug Treatment Program ("RDAP").[1] The Government argues

---

[1] *Find an Inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited January 29, 2021).

that Mack has an extensive criminal background record, dating back from his youth, including multiple drug offenses.

The Court noted the same when concluding that Mack is a danger to the safety of other persons and the community. Doc. #: 212 at 3. However, given that Mack is set to be released regardless in approximately 13 months, the Court now affords his prior criminal record little weigh. Significantly, Mack's facility – Elkton FCI – has 35 active COVID-19 cases; 9 related deaths; and over 50% of Elkton's prison population already tested positive for COVID-19.[2]

Given the COVID-19 risks at Elkton FCI and Mack's deteriorating health[3], the Court finds Mack's time in prison is adequate to achieve much of the original sentence's purpose in terms of reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, and providing a deterrent effect. *See* 18 U.S.C. § 3553(a)(2); *see also United States v. Kontrol*, 554 F.3d 1089, 1093 (6th Cir. 2009) (district courts have "broad discretion to determine what sentence will serve [§ 3553(a)'s] statutory objectives."). A minor reduction in his sentence will not undo the punishment Mack has already been subjected to, nor will it eradicate the effects of his original sentence.

Because this Court balanced the 3553(a) factors when initially sentencing Mack and the sense of urgency, the Court need not pen a lengthy opinion regarding 3553(a) factors. *See United States v. Jones*, No. 20-3701, 2020 U.S. App. LEXIS 36620, at *30 (6th Cir. Nov. 20, 2020) ("Reading the judge's compassionate release decision and the original sentencing hearing

---

[2] COVID 19 Coronavirus, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (visited on January 29, 2021) (showing 622 inmates tested positive at Elkton FCI); see also FCI Elkton, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/locations/institutions/elk/ (showing Elkton FCI has a prison population of 1098).
[3] In the Court's Order, the Court found, and the Government conceded, that Mack presents extraordinary and compelling reasons for a sentence reduction. See Doc. #: 212 at 2; see also *See United States v. Jones*, No. 20-3701, 2020 U.S. App. LEXIS 36620, at *19 (6th Cir. Nov. 20, 2020) ("Until the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion.").

transcript together reveals that the district judge carefully considered all relevant § 3553(a) factors."). Accordingly, upon careful consideration, the Court finds the § 3553(a) factors favor release.

## **CONCLUSION**

The time Mack has served is sufficient punishment, particularly considering the likelihood of severe medical complications or death should he contract COVID-19. The Court sincerely hopes Mack will go forth and live a law-abiding life.

The Court hereby reduces Mack's sentence to time served, plus up to 10 days in the discretion of BOP to quarantine Mack prior to release. Mack's term of supervised release remains at three (3) years, subject to the terms imposed at sentencing.

For these reasons, Mack's Motion, **Doc. ##: 215, 220**, is **GRANTED.**

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster January 29, 2021*